## COURT OF APPEALS,

June 1, 1909.

## JOHN P. EAST v. THE BROOKLYN HEIGHTS RAIL-ROAD COMPANY.

(195 N. Y. 409.)

PENAL CODE, 426, SUB. 2—PROHIBITING GETTING ON A TRAIN IN MOTION DOES NOT APPLY TO BONA FIDE PASSENGER.

The statute (Penal Code, § 426, subd. 2) making it a misdemeanor for any person to get "on any car or train while in motion for the purpose of obtaining transportation thereon as a passenger" was not intended to apply to the acts of a person who, intending in good faith to become a passenger, gets on a car while in motion, but to a person endeavoring to obtain transportation as a passenger by surreptitious means and not intending to comply with the rules of the railroad company.

*East v. Brooklyn Heights R. R. Co.*, 126 App. Div. 936, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Second Judicial Department, entered June 12, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

This action was brought to recover damages of the defendant for the false arrest and for the malicious prosecution of the plaintiff. Upon the trial it appeared by the testimony of the plaintiff, a lawyer, that he was intending to return from Coney Island upon one of the defendant's trains. The train had already started from the station and was proceeding slowly, at about the speed of a person walking. The plaintiff hurried his gait and boarded one of the cars, by stepping upon the lower step of the platform. The platform gate was closed; but the guard opened it and allowed him to enter. The guard then called a special officer, employed by the defendant, who arrested the plaintiff for getting on the train, while in motion.

·The train was stopped, the officer and the plaintiff descended from it, and the latter, being taken to a station house, was there detained by a police sergeant under a charge of " disorderly conduct in getting on a moving car." The plaintiff, subsequently, procured his release under bail and on the following day, after examination before the magistrate, was discharged. Upon this, and other evidence bearing upon the arrest, the trial court, upon the motion of defendant's counsel, dismissed the ·complaint and denied the request of the plaintiff to go to the jury; to which ruling the plaintiff excepted. Upon appeal to the Appellate Division, in the Second Department, the judgment of the Trial Term and an order denying a motion for a new trial were affirmed.

*Louis Marshall* and *Samuel H. Evins,* for appellant. The act of boarding a moving car by a legitimate passenger is not in violation of subdivision 2, section 426 of the Penal Code, and is not unlawful. *Henavie v. N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 281; *Matter of Hellman,* 174 N. Y. 258; *People v. Fitzgerald,* 180 N. Y. 275; *Burks v. Bosso,* 180 N. Y. 341; *Comm. v. Kimball,* 24 Pick. 366; *People ex rel. T. T. S. Ry. Co. v. Comrs. of Texas,* 95 N. Y. 554; *Barrett v. N. Y. C. & H. R. R. R. Co.,* 157 N. Y. 663.

*D. A. Marsh* and *George D. Yeomans,* for respondent. The plaintiff was guilty of a misdemeanor in getting on the train while in motion for the purpose of obtaining transportation thereon as a passenger. L. 1878, chap. 261; L. 1879, chap. 474; Penal Code, § 426; *Crawford v. Burke,* 195 U. S. 176; *Ballard v. M. C. O. Co.,* 81 Miss. 507; *A.-A. P. Co. v. D. P. Co.,* 169 N. Y. 506; *McCluskey v. Cromwell,* 11 N. Y. 593; *People ex rel. Kemp v. D'Oench,* 111 N. Y. 359; *City of New York v. Wineburgh Adv. Co.,* 122 App. Div. 748; *Wehrenberg v. N. Y., N. H. & H. R. R. Co.,* 124 App. Div. 205; *M. F. Ins.*

*Co. v. Place,* 21 R. I. 248; *State v. Popp,* 45 Md. 437; *Knowlton v. Moore,* 178 U. S. 65; *People v. Gaulter,* 149 Ill. 39; *Mackay v. Miller,* 126 Fed. Rep. 161.

GRAY, J.:

There is no ground upon which the dismissal of the plaintiff's complaint could be justified, unless his arrest was authorized by the statute. If he, in boarding the train while in motion, had committed an act, which the law, as declared by some statute of the State, had made a punishable offense, then his arrest was justified and his cause of action failed. If that act, however, was not prohibited by law, then he was entitled to maintain his action and to have the issue determined by the jury. The defendant claims that section 426 of the Penal Code made the act of the plaintiff a misdemeanor. That section has for a caption " Riding on freight trains." The first subdivision of the section reads:

" A person who, 1. Rides on any engine or any freight or wood car of any railway company, without authority or permission of the proper officers of the company, or the person in charge of said car or engine; or

" 2. Who gets on any car or train while in motion, for the purpose of obtaining transportation thereon as a passenger; or,

" 3. Who willfully·obstructs, hinders or delays the passage of any car lawfully running upon any steam or horse or street railway; is guilty of a misdemeanor."

· It is contended that the second subdivision of this section is applicable to the plaintiff's conduct. If this contention is correct, then an act of such common occurrence as to be almost a characteristic trait of our human nature, without distinction of class, or calling, is stamped with criminality. There is, probably, not an hour of the day, when the statute is not offended against by persons, in boarding cars while in motion;

if it has the meaning contended for. That the legislature ever intended such an application of its enactment, I do not believe. If there is any doubt as to the proper construction of the statute, then it should receive that which would not lead to unreasonable, if not absurd, consequences. Being penal in nature, it should not be construed to be applicable to an act, otherwise innocent and natural, and of common occurrence; unless such a legislative intent is clear and unmistakable. If it be conceded that the general language, in which the legislative purpose is expressed, upon its face, raises a doubt as to what was intended, that doubt should be resolved in favor of a construction, which will accord with a just notion of what was to be forbidden. I think that it is resolved by a consideration of the legislation, which preceded and, apparently, led to the enactment. If it be true that, when regarded in the light of the classification of the section, of its possible origin and of the peculiar wording of the law, the legislative intent is equivocal, we should not hesitate to restrict it so as to negative an application, which would make that unlawful which, in the common belief, is natural and innocent.

The first enactment by the legislature upon the general subject is to be found in chapter 261 of the Laws of 1878. That statute made it a misdemeanor for any person to "get on or off a freight car or engine while in motion," or to "ride on any wood or freight car, unless employed by or with permission from the proper officers of such railroad, or the person in charge of such car or engine." Subdivision 1 of section 426 of the Penal Code is, plainly, a codification of that enactment. By chapter 474 of the Laws of 1879, it was made a misdemeanor for any person to "obstruct, hinder, or delay the passage or running of any car lawfully running upon any horse or street railroad." Subdivision 3 of section 426 of the Penal Code is, quite as plainly, a codification of that statute. By chapter 370 of the Laws of 1880, it was made a misdemeanor for a

"minor or other person, not a passenger," to climb, stand upon, or in any way to attach himself to, a locomotive or car, unless it is done in compliance with law, or by permission, under the lawful rules and regulations of the railroad.   The same chapter made it, also, a misdemeanor to " invite, or solicit any such minor or other person " to come, or to be, or to consent to his remaining upon, any engine, or any freight, or baggage car, unless rightfully there by law, or with permission under the rules and regulations of the corporation.   Thus, these three statutes had for their object the prevention of the unauthorized riding, or being, upon cars or engines, and of the obstruction, or delaying, of cars upon surface railroads.   In the following year, when the Penal Code was established (Chap. 676 of the Laws of 1881), section 426 was enacted as it stands at present; with the exception that, by an amendment in 1890 (Chap. 458 of the Laws of 1890), subdivision 3 was made to apply to steam railways, as well as to horse and street railways, and the caption " Riding on freight trains " was added.   It is reasonable to infer that the Penal Code, in the respect which we are now considering, was intended as a codification of, and to resume within its provisions, existing laws.   If subdivision 2 of the section, in its precise terms, is not found in any pre-existing statute, from its situation, it is fair to suppose that it was intended to be supplemental to legislation, having for its object such unlawful acts as the getting, or being, upon a car, or train, unauthorizedly.   The caption of the section is, certainly, not appropriate to all of its subdivisions; but is it probable, if the legislature had intended to change, and to add to, the law with the view of preventing accidents, by making the common practice of getting on a car or train, while in motion, a misdemeanor, that it would have embodied that intention in a section, whose apparent source was in statutes for the prevention of unauthorized riding upon, or the obstruction of the passage of a car?   Had the legislature been moved to this enactment,

by the occurrence of accidents to the traveling public, its purpose would have been better and more completely expressed in prohibiting persons from getting off, as well as from getting on, a car, while in motion. It seems more consonant with the reason of the thing that this subdivision should have been intended to provide for the punishment of any person, who sought to get on a car, or train, unauthorizedly, or intending to obtain transportation as a passenger surreptitiously. That is to say, we could find a reasonable purpose in the enactment, when reading it as a prohibition against stealing, or getting a free ride, by getting and standing upon the train, or some part thereof. The practice of stealing rides upon cars, or trains, by boys and tramps was notorious and its suppression had furnished adequate reason for a statute upon the subject. In my opinion, we should construe this part of this section as applicable to such unauthorized and mischievous acts, and not to the innocently impulsive acts of persons intending, in good faith, to become passengers. To give it that construction makes the provision one in harmony with a policy declared in the statutes prior to the Code revision. If the construction given below to the subdivision is correct, it is, certainly, remarkable that, since its enactment in 1881, no case is brought to our attention, in which the courts have so held.

I am not able to agree with the opinion of the Appellate Division that the enactment of subdivision 2 in section 426 was such a general and comprehensive change of the law, as to exclude a doubt of the legislative intent being to punish a person who gets on a car while in motion. I think that the language is, sufficiently, significant of an intent to make the prohibition apply, not to the person endeavoring to ride upon the car, lawfully, as one of its passengers, but to the person endeavoring to obtain transportation as a passenger by surreptitious means and not intending to comply with the rules as to such. In giving that interpretation, we reach a result more satisfac-

tory to the mind and one which supports a salutary legislative measure. If the legislature intended to make of an ordinary and innocent act a penal offense, I think it should have declared that intention in a way, where, by reading, or context, it would be plain.

If the plaintiff, though intending to be a passenger upon the train, was defiant of rules, or if he was disorderly and gave any justification for the treatment he received from the defendant's servants, those were matters for the consideration of the jurors upon a submission to them of the case.

There were errors committed in the exclusion of testimony offered by the plaintiff, which need not be referred to; inasmuch as upon the retrial, which is ordered, they may not recur.

For these reasons, I advise the reversal of the judgment and that a new trial be ordered, with costs to abide the event.

VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., absent.

Judgment reversed, etc.