THOMAS J. DRENNAN, Fire Commissioner of the City of New York, Respondent, *v.* SMITH VALLEY REALTY CORPORATION, Appellant.

First Department, February 20, 1925.

**Municipal corporations — city of New York — buildings — action to recover penalty for violation of order of fire commissioner directing installation of fireproof shutters — defendant's building is new fireproof building and he has certificate of occupancy issued under Greater New York charter, § 411-a, subd. 1 — said certificate is binding on fire commissioner under Greater New York charter, § 411-a, subds. 4 and 5 — fire commissioner did not have right to direct erection of shutters — burden on fire commissioner to show changed surrounding conditions — defendant is not liable.**

The defendant, the owner of a new fireproof office building in the city of New York, is not liable for a penalty for the violation of an order of the city fire commissioner, directing it to erect fireproof shutters at certain exterior openings in the wall of its building, as prescribed by section 375 of chapter 5 of the Ordinances of the City of New York, since it appears that the defendant has a certificate of occupancy issued to it under subdivision 1 of section 411-a of the Greater New York charter which certifies that the building conforms substantially to the approved plans and specifications and to all requirements of the Building Code and Building Zone Resolution of the city of New York for a fireproof basement and seven-story office building.

Under subdivisions 4 and 5 of section 411-a of the Greater New York charter, said certificate is binding upon the fire commissioner of the city of New York as to all matters set forth therein, and the fire commissioner cannot make further directions contrary to the provisions of the certificate nor may other officers and departments order improvements until the certificate has been set aside by the board of appeals; and, therefore, the fire commissioner cannot show that the building does not conform to all the requirements of the Building Code.

If a change in surrounding conditions might authorize the fire commissioner to issue an order directing the defendant to erect fireproof shutters, the burden was on the fire commissioner to establish such change if he wished to escape the binding effect of the certificate.

APPEAL by the defendant, Smith Valley Realty Corporation, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the

clerk of the county of New York on the 6th day of March, 1924, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff, which judgment imposed a fine of $250, with costs, for defendant's failure to comply with an order of the fire commissioner to install iron shutters on the windows of defendant's building.

*Cadwalader, Wickersham & Taft* [*George Coggill* of counsel; *Francis Dean* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel* [*Henry J. Shields* of counsel; *John F. O'Brien* and *Martin H. Murphy* with him on the brief], for the respondent.

McAvoy, J.:

A judgment of the Municipal Court, Fifth District, was entered in favor of the plaintiff and against the defendant for $275.20. This judgment was affirmed at the Appellate Term.

The action was begun on April 19, 1921, to recover $250 and costs as a penalty for defendant's failure to comply with an order of the fire commissioner of the city of New York.

On July 16, 1920, the plaintiff, the fire commissioner, made an order upon defendant, the owner of the premises Nos. 156–160 Front street which reads:

"*July* 16*th,* 1920.

    "Order No. 9241-F
    "156–60 Front Street.
"SMITH VALLEY REALTY CORP.,
        "JOHN W. CHARLTON, *Pres.,*
            "40 Wall Street, Manhattan:
"1 — Provide iron or kalameined shutters at all openings in the exterior wall above 1st story which are distant in a direct line less than 30' from any opening in any other building and not in the same plane with said openings and which are not more than 50' above a neighboring roof at north side of building or other approved protection, as per Section 375, Article 18, Chapter 5 of the Code of Ordinances."

Defendant's building is a fireproof office building. The windows are provided with steel sashes and frames. Almost all of the furniture in the building is made of steel. The testimony shows that the building is made of brick and is seven stories high, that the windows on the north side of the building have no fire shutters and are less than thirty feet in a direct line from the windows in a building directly opposite it and across the street.

Plaintiff claims that this condition of defendant's windows is a violation of section 375 of the Building Code and that his order

is directed towards remedying this condition and justified by it. Defendant offered in evidence a certificate of occupancy issued by the superintendent of buildings of the city of New York on February 28, 1919, which certifies " that the building located on Block 71, Lot 1–13 known as 156 Front St. and 149 Maiden Lane, N. W. Cor., $79\frac{1}{2}'$ front, conforms substantially to the approved plans and specifications of N. B. Application No. 235, 1917, and to all the requirements of the Building Code and Building Zone Resolution of the City of New York for a fireproof basement and 7-story office Building, and that the several floors may sustain the live loads, accommodate the number of persons, and be occupied " according to a schedule annexed of loads per square foot in pounds, and the number of persons and the kind of occupancy are specified.

The certificate then states:

" This certificate is issued to Smith Valley Realty Corp., owners of the aforesaid building, address 17 Cedar St., N. Y. City, in accordance with the provisions of Section 5, Article 1, Chapter 5 of the Code of Ordinances of the City of New York,* and Chapter 503, Section 411-a of the Greater New York Charter.

" (Signed) WILLIAM E. WALSH,
*Supt. of Buildings.*"

" Dated, Feb. 28, 1919.

Defendant also offered in evidence a report of a building inspector to the superintendent of buildings showing that the building conformed in all respects to the Building Code. The judgment would necessitate the expenditure of over $5,000 since it involves the remodeling of the north wall of defendant's building and the installation of iron or kalameined shutters.

Section 375 of the Building Code, as contained in chapter 5 of the Code of Ordinances of the City of New York, provides:

" § 375. Protection of exterior openings.

" 1. When required. Every window or other opening above the first story in the exterior walls of every fireproof and non-fireproof business building, more than 40 feet in height, shall, except as may be otherwise specifically provided in this chapter or by any other law or ordinance, be protected by a fire door, fire window, fire shutter, open sprinkler or other approved protective, when such opening is distant in a direct line less than 30 feet from any opening in any other building and not in the same plane with said opening, or when said opening is not more than 50 feet above a neighboring roof." (See, also, Cosby's Code of Ordinances [Anno. 1922], p. 120.)

---

* See Building Code, § 5.— [REP.

Defendant claims that section 411-a of the Greater New York charter (Laws of 1901, chap. 466, as added by Laws of 1916, chap. 503), which provides that a certificate of occupancy shall be binding and conclusive upon the fire commissioner, prohibits him from making any order at variance with it and that the defendant is thus relieved from further directions in connection with compliance of municipal department orders of this character.

Subdivision 1 of section 411-a provides:

" New buildings. No building hereafter erected shall be occupied or used, in whole or in part, for any purpose whatever until a certificate of occupancy therefor in such form as may be authorized by the Building Code and the board of standards and appeals, certifying that such building conforms to the requirements of all laws, ordinances and rules and regulations of the board of standards and appeals applicable thereto shall have been issued by the superintendent of buildings of the borough in which such building is situated."

Subdivision 4 provides:

" A certificate of occupancy issued as provided in subdivisions one and two of this section shall not be binding on the fire commissioner with respect to any building which shall be or be intended to be used for the storage or use of chemicals, combustibles or explosives or for any trade, purpose or occupation which the board of standards and appeals may classify by general rule as being hazardous."

Defendant does not maintain the sort of building described in subdivision 4.

Subdivision 5 provides:

" Except as provided in subdivision four, every certificate of occupancy issued, as provided in subdivision one or subdivision two of this section, and approved, if required to be approved under subdivision three, shall until set aside or vacated by the board of appeals, be and remain binding and conclusive upon all officers, departments, commissions, boards and bureaus of the city, except upon the tenement house department, and shall be binding and conclusive upon the Department of Labor of the State of New York, as to all matters therein set forth, and no order, direction, or requirement at variance therewith shall be made or issued by any officer, department, board or bureau of the said city, except the tenement house department, nor by the Department of Labor of the State of New York, or any commission, board, officer or member thereof."

These provisions surely indicate plainly that as to all matters set forth in the certificate of occupancy the fire commissioner

may not make further directions. Nor may other officers and departments of the city of New York order improvements until the board of appeals sets aside the certificate. The certificate sets forth that defendant's building Nos. 156–160 Front street conformed " to all the requirements of the Building Code." The fire commissioner cannot show that it does not so conform. If this were attempted it would make for constant conflict of authority. Respondent argues that there would be some force in this contention, if the record showed that the conditions as to the windows of defendant's building were the same at the time of trial as they were when the certificate of occupancy was issued, but that as the record did not show whether the building opposite defendant's building was erected before or after the certificate of occupancy was issued, " the presumption is that it was erected subsequently." There is no such presumption. The introduction of the certificate of occupancy and the certificate of the building inspector, in evidence, established that defendant's building did not violate any provision of the Building Code and this condition must be presumed to have continued, in accordance with the principle that a condition once shown to exist must be presumed to continue until the contrary is shown. Respondent failed to prove that there was any change in the conditions from the time the certificate was issued to the present time. The burden was upon him if he sought to escape the binding effect of the certificate to offer such proof.

The fire commissioner should, if it is proper to make orders relative to a building after a certificate of occupancy has been issued, offer proof of change in conditions, which show the right to direct the improvement required. Nothing here showed any changed conditions and consequently no reason for avoiding the provisions of the statute making the certificate conclusive was indicated.

The determination appealed from and the judgment of the Municipal Court should be reversed and complaint dismissed, with costs to the appellant in all courts.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed, with costs to appellant in this court and in the Appellate Term, and judgment directed to be entered dismissing the complaint, with costs.