In the Matter of PHILIP EDWARDS, Appellant, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

JOHN H. CAMPBELL, JR., Intervener, Respondent.

Argued May 20, 1940; decided July 24, 1940.

*Joseph Ferber* for appellant. The Board erred in its determination in revoking the certificate of occupancy by entirely disregarding the provisions of section 301 of the Multiple Dwelling Law (Cons. Laws, ch. 61-a). (*Central Park Plaza Corp.* v. *Monsky*, 260 N. Y. Supp. 902; *Wokal* v. *Sequin*, 167 Misc. Rep. 463; *Ten Eyck* v. *Witbeck*, 135 N. Y. 40.)

*William C. Chanler, Corporation Counsel (Francis J. Bloustein* and *Paxton Blair* of counsel) for defendants, respondents. Since the erection of dwarfed partitions on each of the floors of petitioner's lodging house created cubicles or rooms, a violation of the Multiple Dwelling Law resulted. Therefore the certificate of occupancy was improperly and illegally issued and the Board was justified in revoking it. (*People* v. *Keller*, 96 Misc. Rep. 92; *Crosby* v. *City Council of Montgomery*, 108 Ala. 498; *Adamec* v. *Post*, 273 N. Y. 250; *Matter of Gutting* v. *Brennan*, 97 App. Div. 23; *Neuman* v. *City of New York*, 137 App. Div. 55; *Matter of Village of Middletown*, 82 N. Y. 196; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *People* v. *Wolfe*, 272 N. Y. 608; 273 N. Y. 498; *People* v. *Kesbec, Inc.*, 281 N. Y. 785; *Hadacheck* v. *Sebastian*, 239 U. S. 394; *People* v. *Santa Clara Lumber Co.*, 213 N. Y. 61.)

*George G. Lake* for intervener, respondent.

*Per Curiam.* Before the petitioner acquired his leasehold of the lodging house in question, the erection therein of the so-called cubicles had been completed pursuant to plans that had been approved by the Department of Buildings and a certificate of occupancy had been issued by the Commissioner of Buildings. No claim is made that this certificate of occupancy was not a " certificate " in the sense of section 301 of the Multiple Dwelling Law (Cons. Laws, ch. 61-a). Section 301 provides: " No tenement house shall hereafter be occupied in whole or in part for human habitation until the issuance of a certificate by the department charged with the enforcement of the tenement house law or of this chapter that said building conforms in all respects to the requirements of the tenement house law or of this chapter. No building hereafter constructed as or altered or converted into a multiple dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the department charged with the enforcement of this chapter that said building conforms in all respects to the requirements of this chapter. Such certificate shall be issued within ten days after written application therefor if said building at the date of such application shall be entitled thereto. Such a certificate, or the record in the department aforesaid that such a certificate has been issued or a statement signed by the head of such department that such a certificate has been issued, may be relied upon by every person who in good faith purchases a multiple dwelling or who in good faith lends money upon the security of mortgage covering such dwelling. *Whenever any person has so relied upon such certificate, no claim that such dwelling had not, prior to the issuance of such certificate, conformed in all respects to the provisions of this chapter shall be made against such person or against the interest of such person in a multiple dwelling to which such a certificate applies or concerning which such a statement has been issued.*" (Italics supplied.) Petitioner was a " purchaser " within the intent and meaning of this section 301 of the Multiple Dwelling Law. (See Real Prop. Law [Cons. Laws, ch. 50], § 290, subd. 2.)

It follows that the Board of Standards and Appeals had no authority to revoke as against the petitioner the certificate of occupancy issued to his predecessor in interest by the Commissioner of Buildings. The above-stressed words of section 301 of the Multiple Dwelling Law are so explicit as to exclude any latitude of interpretation. Accordingly, section 646 (g) of the Charter of the City of New York (effective January 1, 1938) must be taken to apply only in cases where there has been no reliance by a purchaser or mortgagee upon a certificate that there has been compliance with the law.

The orders should be reversed, without costs, and the matter remitted to the Special Term for further proceedings in accordance with this opinion.

CONWAY, J. (dissenting). I dissent upon the grounds that (1) there is neither allegation nor proof of good faith on the part of the purchaser, a close relative of the seller, so as to make applicable the provisions of section 301 of the Multiple Dwelling Law (Cons. Laws, ch. 61a), and (2) the doctrine of estoppel may never be invoked, by reason of unauthorized acts of its officers or agents, to prevent a state or municipality from properly exercising its *police power*. (*People* v. *Santa Clara Lumber Co.*, 213 N. Y. 61, 67.)

LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur in *per curiam* opinion; CONWAY, J., dissents in opinion; LEHMAN, Ch. J., taking no part.

Orders reversed, etc.