In the Matter of B & G CONSTRUCTION CORP. et al., Respondents, against BOARD OF APPEALS OF THE VILLAGE OF AMITYVILLE et al., Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the board of appeals of the Village of Amityville, which determination denies an application for a certificate of occupancy for certain structures erected pursuant to a permanent permit issued by the village's building inspector. The board of appeals denied the application, holding that the purposes for which the structures were to be used "would not be in harmony with the general purpose and spirit and intent of the Building Zone Ordinance so that the public health, safety and general welfare for others within the surrounding neighborhood would be secured." The board also held that "Expenditures made in the erection of a building * * * upon a permit which has been illegally issued, or where obtained by misrepresentation or fraud is no ground for a variance." Special Term annulled the determination on the ground that the use of the premises by respondents did not violate the zoning ordinance, and directed that a certificate of occupancy be issued. The board of appeals and the individual members thereof appeal from the order and from the decision on which it was entered. Order affirmed, with $10 costs and disbursements. No opinion. Appeal from decision dismissed. No separate appeal lies from a decision. Adel, Wenzel, Schmidt and Beldock, JJ., concur. Nolan, P. J., dissents and votes to reverse the order of the Special Term, with the following memorandum: If in fact, as appellants have determined, the building permits were issued for the erection of a structure to be used in violation of the zoning ordinance, respondents acquired no vested rights therein and have established no legal right to a special exception under the ordinance or to the issuance of a certificate of occupancy. (*Altschul* v. *Ludwig*, 216 N. Y. 459; *City of Yonkers* v. *Rentways, Inc.*, 304 N. Y. 499.) On the record presented the court was without power to substitute its judgment for that of the board of appeals. (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker*, 282 N. Y. 400.)