GERALD SELTZER et al., Respondents, v. CITY OF YONKERS et al., Appellants.

Second Department, October 31, 1955.

*Irwin Panken, Heyman Rothbart* and *Mortimer M. Rothstein* for Anna LaRocco and others, appellants.

*J. Raymond Hannon, Corporation Counsel* (*William F. Cauley, Jr.,* of counsel), for City of Yonkers and others, appellants.

*Morton N. Wekstein* for respondents.

*Per Curiam.* Defendants appeal from a judgment holding, in substance, that a six-story, high-density apartment house planned by the individual defendants contravened the provisions of the Zoning Ordinance of the City of Yonkers (General Ordinance No. 24–1953) and was not saved from the operation of the ordinance by virtue of section 9-A thereof, as amended;

and restraining the erection of such apartment house. Plans for the structure were filed on July 6, 1953. At that time the proposed building was situated in a use district where such an apartment house was permitted. On September 14, 1953, a new zoning ordinance was enacted (General Ordinance No. 24–1953), effective November 15, 1953, changing the district to one where such a use was not permissible. Section 9-A of the new ordinance provided, in part, that nothing contained in the ordinance should '' require any change in the plans, construction or designated use of a building for which completed plans have been heretofore legally filed, or for which a building permit has been heretofore issued, provided that in either case, the construction of such building shall have been actually begun within 90 days of the date of issue of such permit ''. The building permit was issued on November 30, 1953. The court below found, on sufficient evidence, that construction was not started until late in April, 1954. Meanwhile, on March 23, 1954, section 9-A had been amended so as to change the time within which construction was to be commenced to '' 150 days of the date of issue of such permit '' (General Ordinance No. 9–1954) and on May 11, 1954, it was again amended so as to change the time to '' 210 days of the date of issue of such permit, heretofore legally issued '' (General Ordinance No. 25–1954).

In our opinion, section 9-A as originally enacted should be interpreted to effectuate the clear intention of the common council, to exempt from the provisions of the new ordinance a structure for which plans had been filed prior to the effective date thereof, *or* for which a building permit had theretofore been issued, on condition, among others, that where plans had been filed as therein provided, construction should begin within 90 days of the date of issuance of the permit, regardless of whether or not that date was subsequent to the enactment of the ordinance. If the council had intended that the saving provisions of section 9-A should apply only to buildings for which permits had theretofore been issued, there would have been no necessity for the reference to the filing of plans. The intention of the common council is clarified by the amendment of May 11, 1954, which changed the time within which construction was to be commenced to 210 days from the date of issue of a permit theretofore legally issued. If, however, it be assumed that the words '' within 210 days of the date of issue of such permit, heretofore legally issued '' may be construed, if literally read, as referring to a permit issued prior to the effective date of section 9-A, and that there is thus a conflict in

the provisions of the ordinance, the conflict should be resolved by adopting that construction which carries out the clear intention of the legislative body. Literal meanings of words are not to be adhered to or suffered to defeat the general purpose and manifest intent of the legislation. (Cf. *People* v. *Ryan,* 274 N. Y. 149, 152; *Surace* v. *Danna,* 248 N. Y. 18, 21, and *Gusthal* v. *Strong,* 23 App. Div. 315, 318, 320.)

We are also of the opinion that the amendments to section 9-A, increasing the time within which construction was to begin, first to 150 and then to 210 days, were not unconstitutional, but were valid exercises of the city's power to amend its zoning ordinance. (Cf. *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 121.) The rights conferred by that section, as amended, were not lost merely because construction had not been commenced within the ninety-day period originally specified. To hold otherwise would be to make the amendments meaningless, as there obviously would be no purpose in extending the time for commencement of construction to those cases where construction had already been begun within the ninety-day period. The natural and reasonable interpretation of section 9-A, as amended, is that uses contrary to the zoning ordinance are permissible, where the plans were filed prior to the effective date of the zoning ordinance, provided that construction shall have been actually begun within 210 days of the issuance of the building permit. That interpretation is in accord with the settled rule of statutory construction that where there is any doubt as to the proper construction of a statute, it should receive that which would not lead to unreasonable, if not absurd, consequences. (*East* v. *Brooklyn Heights R. R. Co.,* 195 N. Y. 409, 412; *People* v. *Ryan,* 274 N. Y. 149, 152, *supra.*)

The judgment should be reversed on the law, with costs, and the complaint should be dismissed, without costs. The findings of fact should be affirmed.

NOLAN, P. J., WENZEL, SCHMIDT, BELDOCK and MURPHY, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, without costs. The findings of fact are affirmed.