Proceeding under article 78 of the Civil Practice Act to review a determination of the respondent Zoning Board of Appeals of the City of Yonkers, affirming a determination of the respondent superintendent of buildings, denying an extension of a building permit theretofore issued to petitioners, and for an order requiring respondents Department of Buildings of the City of Yonkers and superintendent of buildings to issue to petitioners a renewal or extension of said building permit. The proceeding was transferred to this court (Civ. Prac. Act, § 1296). Determination unanimously confirmed, and application to direct respondents Department of Buildings of the City of Yonkers and the superintendent of buildings to issue to petitioners a renewal or extension of the building permit denied, with one bill of $50 costs and disbursements to respondents and intervenors-respondents. The petitioners filed plans with the Department of Buildings for construction of an apartment house upon a plot of land owned by them. The proposed building was one which could lawfully be erected upon the premises under the zoning ordinance then in effect, and the plans were approved by the Department of Buildings. Subsequently the Common Council enacted an amending ordinance known as “ The City of Yonkers, N. Y., Zoning Ordinance of 1953 ”, with an accompanying map by which the classification of petitioners’ premises was changed in such manner as to exclude the apartment building called for by the plans. A permit therefor was, however, subsequently issued. The amending ordinance contained a saving clause (§ 9-A) which would have permitted the erection of the building without change in plans, despite the change in zone, upon petitioners’ compliance with certain conditions, the first of which was that the construction of such building should be actually begun within 210 days of the date of the issue of the permit. Petitioners failed to commence construction within the time so limited by the ordinance. They allege that by reason of the appropriation by the People of the State of New York, for purposes connected with the Thruway system of *992 the State, of a temporary easement over a portion of petitioners’ property, and by reason of other acts of the Thru way Authority depriving petitioners of access to their property from the public highways, they were prevented from proceeding with the construction of the .building until almost three years after the issuance of the permit. They contend that performance of the conditions imposed by section 9-A of the amending ordinance has 'been prevented by the exercise of the sovereign power of the State. In our opinion, the evidence is insufficient to establish that petitioners were unable to comply with the conditions of the saving clause. If it be assumed, however, that they were prevented from so doing, we have, nevertheless, no power to read into the ordinance a provision, not included by the Common Council, extending the time limits therein provided, in the event that the owners of the property are unable to comply with the conditions imposed. Petitioners had no vested right in the zone classification existing at the time the plans were filed and approved (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121). The Common Council had the right to change the zone unconditionally subject only to rights acquired under previously issued lawful permits (cf. Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702, and eases there cited). If it chose to extend privileges to owners of property who had previously filed plans, it could attach thereto any conditions which in its judgment it deemed proper. Such action is within the legislative power of the Common Council, and is not subject to judicial review. The validity of section 9-A of the ordinance has been determined. (Seltzer v. City of Yonkers, 286 App. Div. 557, affd. 1 N Y 2d 782.)
Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.