Lloyd P. Dodge, J.
Appeal from a conviction of the crime of nuisance in violation of the Building Zone Ordinance of the Town of Huntington (art. X, § 2 [a]). The amended information charges the defendant corporation with maintaining without permission a billboard less than 100 feet from the intersection formed by the westerly side of Broadway and the northerly side of a certain right of way belonging to the Long Island Railroad Co., at Greenlawn, Town of Huntington, which premises are zoned at light industrial.
Section 2 (a) of article X provides: “ No billboard shall be erected in an Industrial District: (a) within one hundred (100) feet of the intersection of a highway with another highway or within one hundred (100) feet of any curve, corner, angle or *332 turn of any highway. ’ ’ The term billboard ’ ’ as contained in the ordinance (art. X, § 10) is defined as meaning any outdoor advertising sign, advertising medium, structure, device, or anything which advertises or calls attention to any business not conducted on or to articles not sold on the premises, to which the sign is affixed. Section 7 of article X of the ordinance declares a billboard which violates the regulations to be a public nuisance.
From the record before the court it is uncontroverted that Broadway is a highway; that the billboard was located less than 100 feet from the intersection of that street and the right of way; and that defendant corporation does not conduct a business or sell articles on said premises. It appears also that a permit for a sign had been issued to the defendant corporation by the Building Department pursuant to application made by said defendant and that this permit was revoked by the department on the grounds that the application contained inaccuracies and misstatements, which, if known at the time, would have prevented the permit from being issued.
The questions on this appeal are (a) whether the right of way constitutes a highway ” within the meaning and intent of the ordinance, and (b) whether the sign permit issued to the defendant corporation by the Building Department had been properly revoked at the time of the charges herein.
It is undisputed that the right of way here involved has been in general, unlimited, and unrestricted public use for many years and that no signs or other markers curtail or limit its use to the general public. Access to this "way is unhampered by any restrictions, and it appears to be freely used for any by the commerce flowing normally through the area of its location. There are, acording to the record, several business establishments located on the right of way, including the establishment of the defendant corporation, and the very billboard under consideration carries an invitaton to the public to use the roadway for access to defendant’s place of business. A road used by the community at large for any purpose of transit or traffic has been defined as “ a common highway. ’ ’ (Palatka & Indian Riv. Ry. Co. v. State of Florida, 23 Fla. 546.) Bouvier’s Law Dictionary (Rawle’s 1st rev. ed., p. 947) defines highway ” as a passage, road, or street which every citizen has a right to use and that a highway ” is the generic name for all kinds of public ways, whether they be carriage-ways, bridle-ways, foot-ways, bridges, turnpike roads, railroads, canals, ferries, or navigable rivers.” Again, Bouvier’s says (p. 948) of highway ”, it is *333 “ an easement * * carrying with it, as its incidents * * the furtherance of public morality, health, trade and convenience. ’ ’ The court believes that, in the absence of a definition of highway in the ordinance, such meaning should be accorded to it as will carry out the clear intention of the framers, in this instance the placing of a sign far enough from an intersection to avoid its being a traffic hazard. Any other construction would be illogical and inconsistent with this intention. The court’s interpretation is in accord with the settled rule of statutory construction that where there is any doubt as to the proper construction of a statute, it should receive that which would not lead to unreasonable, if not absurd, consequences. (Seltzer v. City of Yonkers, 286 App. Div. 557.) The court concludes that the right of way here is a “ highway ’ ’ within the intent and meaning of the zoning ordinance.
The issuance of the permit herein was purely an administrative act, and the person charged with its issuance was required to follow the literal provisions of the zoning ordinance. He was circumscribed by their provisions and in the absence of some compelling reason appearing on the wording in the ordinance, the issuance of a permit was granted as a matter of course. (Plander v. Koehler, 150 N. Y. S. 2d 879.) However, a billboard or sign permit issued by an administrative official cannot condone, or afford immunity for, a violation of a zoning ordinance. Nor may the defendant corporation acquire any rights under a permit if it goes beyond the authority contained in the zoning ordinance. (Stillbar Const. Co. v. Town of Harrison, 143 N. Y. S. 2d 804.) Thus even if the revocation of the permit was improper as claimed by the defendant corporation, the issuance thereof would not invest the defendant corporation with any rights beyond that authorized in the zoning ordinance and where the said billboard was maintained at a location in violation of section 2 (a) of article X, the possession of a permit was of no consequence. The prior issue of a permit could not confer rights in violation of the zoning law. (Matter of B & G Constr. Co. v. Board of Appeals of Vil. of Amityville, 309 N. Y. 730, rev. 284 App. Div. 970.).
The judgment of conviction is affirmed.