Paul J. Widlitz, J.
This is an appeal from a judgment of conviction in the Nassau County District Court for a violation of subdivision 1 of section 1990 of the Penal Law (riding on a ¡railway car without intending to pay therefor).
*301 The defendant boarded a Long Island Rail Road train, the destination of which was Babylon, at New York City on June 28, 1957, holding a monthly commutation ticket valid between New York City and Babylon. He changed trains at Jamaica and boarded a train bound for Long Beach. Trains from Jamaica to Babylon or Long Beach operate on the same tracks from Jamaica to a point in Lynbrook where the Long Beach branch runs off to the south while tracks to Babylon continue in an easterly direction. When the conductor on the Long Beach train asked him for his fare, the defendant presented his commutation ticket and informed the conductor that his destination was Island Park, a station on the Long Beach branch of the railroad. For that portion of the proposed ride which was between Jamaica and Lynbrook, the place where the train would leave the Babylon line and enter upon the line to Long Beach, the conductor gave him credit for his commutation ticket but demanded a cash fare of 32 cents for that portion of the trip which was between Lynbrook and Island Park. The fare set by the Public Service Commission for travel between Lynbrook and Island Park was 29 cents. The conductor believed that the Federal transportation tax of 10% was applicable to that fare and thus demanded 32 cents, i.e., 29 cents fare plus 3 cents Federal tax. The defendant refused to pay 32 cents, contending that the Federal tax was inapplicable, but consistently offered to pay 29 cents. Upon refusal by the defendant to pay the 32 cents demanded, the conductor summoned the Nassau County Police and had the defendant arrested when the train arrived at the Island Park station.
Subdivision 1 of section 1990 of the Penal Law provides:
“ 1. A person who rides on * * * any passenger car * * * with intention of not paying therefor * * * Is guilty of an offense and punishable by a fine of not less than one dollar, nor more than five dollars.”
Appellant contends that subdivision 1 of section 1990 of the Penal Law does not apply to bona fide passengers such as himself, but applies only to persons who surreptitiously attempt to obtain transportation without paying therefor. He cites the case of East v. Brooklyn Heights R. R. Co. (195 N. Y. 409) for his contention. In that case, however, the court was construing a portion of section 426 of the Penal Code which was similar to the present subdivision 2 of section 1990 of the Penal Law (boarding a car or train while in motion). The statute was held not to apply to a bona fide passenger but only to tramps and other persons who surreptitiously attempt to ride on a train. The case did not amplify the applicability of. the present subdi *302 vision 1 and an examination of the authorities fails to disclose any case indicating that that subdivision 1 does not apply to this fact situation. This court believes that subdivision 1 of section 1990 of the Penal Law does apply to this fact situation making it a criminal offense to ride on a railway passenger car “with intention of not paying therefor”. The refusal by a passenger to pay the fare demanded is evidence of an intention not to pay.
The second error which appellant urges was committed by the trial court is its holding that it was not necessary to determine the correctness of the fare in order to sustain a conviction. The trial court stated that the defendant-appellant had to pay the “reasonable” fare requested, regardless of amount, and if there was an overcharge, he could sue to recover the overcharge, plus $50, pursuant to the provisions of section 59 of the Railroad Law. Section 59 of the Railroad Law does not apply to cases wherein the overcharge “ was made through inadvertence or mistake, not amounting to gross negligence ”. It is doubtful whether the railroad herein would be liable under that section on the facts herein presented. Nevertheless, the section provides a civil remedy which in no way precludes a passenger from peacefully resisting an attempted overcharge.
The trial court relied upon the holding1 in Monnier v. New York Central & H. R. R. R. Co. (175 N. Y. 281) in stating that the accused had to pay the fare requested, and, if he was correct in his interpretation of the Internal Revenue Code, he could seek redress in a civil action. In the Momiier case, a passenger sued a railroad for damages for an assault and ■battery occasioned when a conductor used necessary force to eject the passenger at a station after the passenger refused to pay a fare demanded. The passenger, in that case, had arrived at the railroad station at Oriskany, and when he attempted to purchase a ticket for Utica, he found that the ticket window was open but that the agent had left his post in order to go on an errand. The train arrived before the ticket agent returned and the passenger entered the train and there offered 15 cents to the conductor, the ordinary fare between Oriskany and Utica. The conductor, due to the fact that his schedule indicated to him that the Oriskany ticket window should have been open and the ticket agent at Ms post for a full hour prior to departure of the train, demanded an additional 4-cent charge which the law permitted in cases where passengers without tickets boarded trains at stations where tickets were being sold. The passenger offered the 15-cent fare, but refused to pay the penalty as the ticket agent had not been present. Fellow passengers, who had *303 arrived early enough to purchase tickets, corroborated the ■plaintiff’s tale. The conductor ejected the passenger- at the next station.
The court held that the conductor did not have to believe the testimony of fellow passengers that the ticket window was not open just prior to departure of the train. The conductor had to apply the rules of the company unless he knew, or could have known, by his own observations, that the passenger could not purchase a ticket at the station (Parish v. Ulster <& Delaware R. R. Go., 192 N. Y. 353). But in the instant case, the conductor was in possession of all of the facts necessary in order to determine the correct fare.
The refusal by a passenger on a railway train to pay the amount of the fare demanded of him is prima facie evidence of his intention not to pay for the ride in violation of subdivision 1. Once a passenger decides to refuse to pay the fare demanded, he acts at his own peril. Any other rule would lead to anarchy on our railroads. If, however, a passenger tenders an amount equal to the correct fare, he cannot be guilty of an intention not to pay the fare.
Thus, a determination of what was the correct fare is essential to determine if there has been a violation of subdivision 1 of section 1990.
Since it is undisputed that in June of 1957 the passenger fare set by the Public Service Commission between Lynbrook and Island Park was 29 cents, the question to be determined is whether the 10% Federal excise tax on transportation of passengers applied to a 29-cent extension ride.
Subdivision (a) of section 4261 of the Internal Revenue Code imposes a 10% excise tax on “the amount paid within the United States for taxable transportation * * * of any person by rail ”. (U. S. Code, tit. 26, § 4261, subd. [a].)
Section 4263 of the Internal Revenue Code reads: 1 ‘ Exemptions. (a) Commutation travel, etc. The tax imposed by section 4261 shall not apply to amounts paid for transportation which do not exceed 60 cents, to amounts paid for commutation or season tickets for single trips of less than 30 miles, or to amounts paid for commutation tickets for one month or less.”
The defendant-appellant rode from Jamaica to Lynbrook by using his monthly commutation ticket. There was no tax on that ticket as it was specifically exempted from the tax by the provisions of section 4263 of the code (supra). The fare from Lynbrook to Island Park was 29 cents. Clearly, as that sum is under 60 cents it also would be exempt from tax unless subdivision (c) of section 42.4261-7 of the Federal Tax Regulations *304 applies. That regulation reads: “ Examples of payments subject to tax. The following are examples of payments for transportation which, unless otherwise exempt under section 4263, 4292, or 4293, are subject to tax. * * * (©) Additional charges. Amounts paid as additional charges for changing the class of accommodations, changing the destination or route, extending the time limit of a ticket, as ‘ extra fare ’, or for exclusive occupancy of a section, etc., are subject to the tax.” (Code of Fed. Reg., tit. 26, § 42.4261-7, subd. [c]; emphasis supplied.)
But the payment is otherwise exempt. It is not a change of destination or route which costs more than 60 cents. Furthermore, it cannot be added to a smaller sum so as to become a “ single one-way trip ” costing more than 60 cents as there was no tax on the portion of the ride covered by the monthly commutation ticket (Federal Tax Regulations [Code of Fed. Reg., tit. 26], § 42.4263 (a)-2, suibd. [b]).
The appellant offered to pay the correct fare and, therefore, he cannot be said to have been riding the train with the intention of not paying therefor, and his conduct, as appears from the record, did not constitute a violation of that statute.
Accordingly, the judgment of conviction is reversed and the information dismissed. Submit order.