ARDEN H. RATHKOPF et al., Appellants, v. REMSEN STREET COMPANY, Respondent.— In an action for a declaratory judgment and for incidental injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court,

Kings County, entered May 1, 1962, after trial before a Special Referee, upon the decision of said Referee in favor of the defendant, dismissing the complaint on the merits. Judgment affirmed, without costs. Plaintiffs are the owners of real property in the vicinity of property owned by defendant upon which defendant proposed to erect an apartment house. The complaint asserts two causes of action. The first seeks a judicial declaration that the proposed construction violates the provisions of the Zoning Resolution of the City of New York of July, 1916, as amended. The second seeks a declaration that the proposed construction violates the provision of the new Zoning Resolution of the City of New York, enacted December 15, 1960 and effective December 15, 1961. The plans for the proposed apartment house were approved and a building permit was issued by the Department of Housing and Buildings of the City of New York on June 3, 1961. In our opinion, the proposed construction does not violate the zoning regulations, in effect at the time that the plans were approved and the permit issued. The nonconformity of the structures upon adjoining property also owned by the defendant, for which certificates of occupancy had theretofore been duly issued, did not affect the conformity of the proposed structure (cf. New York City Charter, § 646, subd. f; *Robitzek Investing Co.* v. *Colonial Beacon Oil Co.*, 265 App. Div. 749, 754; *Drennan* v. *Smith Val. Realty Corp.*, 211 App. Div. 796; *Matter of Edwards* v. *Murdock*, 283 N. Y. 529; *Central Park Plaza Corp.* v. *Monsky*, 145 Misc. 688). Nor was defendant's right to proceed with the construction lost upon the effective date of the new Zoning Resolution, although, concededly, the proposed construction failed to conform with its requirements. Section 11-321 of the new resolution provides that construction may be started or continued after the effective date of the resolution if a building permit authorizing such construction shall have been lawfully issued before the effective date. In our opinion this provision is not unconstitutional, as the plaintiffs contend (cf. *Seltzer* v. *City of Yonkers*, 286 App. Div. 557, affd. 1 N Y 2d 782; *Matter of Glass* v. *Zoning Bd. of Appeals of City of Yonkers*, 5 A D 2d 991; *Matter of Scarpati* v. *Feriola*, 8 A D 2d 111). The other contentions raised by the plaintiffs have been considered and found to be without merit. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.