Capozzoli, J. P.
(dissenting). The record discloses that the conductor of the railroad train, on which the defendant was a passenger, and the defendant, became involved in a dispute concerning the defendant’s ticket. The conductor testified that the defendant refused to give him his ticket and became loud and abusive. The incident was reported to the police and the defendant was arrested at the next train stop.
The defendant contradicted this version of the incident and testified that he was asked for his ticket by the conductor before he reached his seat and, being exhausted from running to catch the train, did not give it at that time, explaining his tired feeling to the conductor. He further testified that he thereafter had the ticket in his hand, ‘ ‘ I put it in front of his nose ’ ’. He offered it to the conductor, who refused to take it, at the same time saying: “ you’re a wise guy, I’m not punching it, you’re going to jail.” It is significant that the conductor was not called in rebuttal to deny the latter testimony of the defendant.
The defendant was charged with disorderly conduct and a violation of subdivision 1 of section 1990 of the Penal Law. The latter provides that a misdemeanor is committed by “ A person who rides on any engine or passenger car * * . * without authority or permission of the proper officers of the company or of the person in charge of said car or engine; or, with intention of not paying therefor ’ ’.
I would have had no difficulty in voting to affirm a conviction for disorderly conduct if that had been the result of the defendant’s trial in the court below. However, the trial court *885 acquitted the defendant of that charge and went on to convict him of a violation of the section of the Penal Law above referred to. I am of the opinion that this conviction was contrary to law and in disregard of the facts adduced.
The record discloses that this defendant has been a commuter between Island Park and Pennsylvania Station, in Manhattan, for about 15 years. The actions of the defendant took place on the 23d day of March, 1965. There was put into evidence a commutation ticket, issued by the Railroad Company to the defendant, good for the week of March 20 to March 26, 1965, for use between New York, Pennsylvania Station, and Island Park. The reverse side of the ticket, which contains the conditions under which it was sold, amongst other things, contains the following: unlimited use weekly.
Subdivision 1 of section 1990 of the Penal Law is, amongst other things, intended to prohibit an unauthorized person from stealing a ride without paying for it. (East v. Brooklyn Hgts. R. R. Co., 195 N. Y. 409.) As a matter of fact, that is the theory upon which the prosecution has proceeded against the defendant. This is clearly demonstrated by a reading of the brief submitted by the People (p. 5 thereof) where the following is found: ‘ ‘ It becomes at once apparent that if a rider, such as the defendant, succeeds in not having his ticket punched, he can use the ticket later on in the evening to obtain another ride. Thus Gins stood directly to benefit from his fractious and unbecoming conduct for it is evident he did not intend to pay for that ride, which intention he evinced by not giving his ticket to the conductor.” (Italics ours.) I have been forced to refer to the People’s brief because the majority has concluded that the defendant was not convicted for trying to steal a ride but because he failed to exhibit the ticket to the conductor when asked to do so. Nowhere in the quoted section, nor anywhere else in the Penal Law, is there any such crime or offense spelled out as a failure to exhibit a train ticket to a collector. It is true that one of the conditions under which the ticket was issued is that it must be presented to trainman each trip, or upon request, but a violation of this condition is not an offense or a crime. Crimes and offenses are defined in the Penal Law, not by a railroad company.
A refusal to present a ticket and the use of loud and boisterous language resulting therefrom may well constitute disorderly conduct. But the defendant was acquitted of that charge. How the court arrived at a conclusion of the defendant’s guilt for a violation of the Penal Law section under discussion is beyond my understanding. This defendant had a perfect right to be on *886 that train. He had paid for that ride and he had the right to take that ride between Island Park and Pennsylvania Station as often as he wished during the week in question. How can he steal that which is his and unencumbered! To brand him a thief under the circumstances disclosed in this record is unjust, illegal and contrary to common sense.
For the reasons hereinabove expressed I dissent from the conclusion reached by my colleagues and vote for a reversal of the conviction and a dismissal of the complaint.
Gold and Hoestadteb, JJ., concur; Capozzoli, J. P., dissents in memorandum.
Judgment of conviction affirmed.